```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                         ASHEVILLE DIVISION
                          1:08CV21-02-MU
```

**RAYVON CARLTON,**            )
    **Plaintiff,**           )
                              )
    v.                     )           <u>**ORDER**</u>
                              )
**STEWART WILSON, Correc-**    )
  **tional Officer at the**    )
  **Mountainview Correc-**     )
  **tions Center,**            )
    **Defendant.**           )
_____)

    **THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. §1983, filed January 23, 2008.

    According to the Complaint, Plaintiff alleges that on an isolated occasion, Defendant "sexually assaulted" him by "chop-[p]ing [him] between [his] legs in the groin with both hands when [he] was attempting to leave the kitchen during a pat[-]down search, before returning to [his] living quarters." By way of relief, Plaintiff asks this Court to "make sure this type of action does not happen again and that Officer Stewart Wilson be suspended or kept away from [Plaintiff] so that he can not re-taliate." Notwithstanding his beliefs to the contrary, or the fact that Plaintiff is seeking relief which is beyond this Court's authority, the Court finds that the above-alleged conduct simply does not rise to the level of a constitutional violation.

To begin, when analyzing these allegations under the Fourteenth Amendment's substantive due process clause, a prisoner must demonstrate that the alleged conduct "amount[s] to a brutal and inhumane abuse of official power that is literally shocking to the conscience." Hall v. Tawney, 621 F.2d 607, 613 (4th Cir. 1980); see also Rochin v. California, 342 U.S. 165, 172 (1952). Suffice it to say, Plaintiff's allegation that he was chopped in his groin on an occasion when he was attempting to leave an area during a pat-down search falls far short of alleging a brutal and inhumane abuse of power. Nor does the alleged conduct shock the Court's conscience.

Moreover, even if the Court were to analyze Plaintiff's claim under the Eighth Amendment, it still would fail. It is well settled that such Amendment "establish[es] only qualified standards of protection for prisoners and pretrial detainees--against "cruel and unusual punishment . . . ." Riley v. Dorton, 115 F.3d 1159, 1166-67 (4th Cir. 1997). The Riley Court reiterated that "[n]ot . . . every malevolent touch by a prison guard gives rise to a federal cause of action . . . . 'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.'" Id. at 1167, quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973). However, even assuming that Defendant's conduct cannot be deemed de minimis, Plaintiff still cannot

2

establish a constitutional violation here.

A two-part test governs whether a prisoner has established a constitutional violation under the Eighth Amendment. First the prisoner must demonstrate, objectively, that he was subject to a sufficiently serious deprivation of his rights. See Harper v. Showers, 174 F.3d 716, 719-20 (5th Cir. 1999); Carr v. Hazelwood, 2007 WL 4410694 at 3 (W.D. Va.). Second, the prisoner must satisfy a subjective element by establishing that the defendant had a "sufficiently culpable state of mind." Boddie v. Schnieder, 105 F.3d 857, 861 (2d Cir. 1997). see also Carr, 2007 WL 4410694 at 3. However, if there is a legitimate law enforcement or penological purpose which can be inferred from the alleged conduct, the prisoner cannot meet this second prong.

In the instant case, it is unlikely that the conduct objectively can be deemed "sufficiently serious." Additionally, because Plaintiff concedes that the incident occurred while he was attempting to leave the kitchen during a pat-down search, it would not be unreasonable for this Court to infer that such conduct merely was an attempt by Defendant to pat-down Plaintiff before he returned to his cell. On the other hand, it cannot reasonably be concluded that Defendant's conduct was engaged in for the purpose of sexual gratification, or to humiliate or otherwise injure Plaintiff. Ultimately, therefore, the Court concludes that Plaintiff has failed to state a constitutional

claim for relief by his allegation. Accordingly, the instant Complaint will be <u>dismissed</u>.

**NOW, THEREFORE, IT IS ORDERED** that plaintiff's Complaint be **DISMISSED** for his failure to state a claim for relief. <u>See</u> 28 U.S.C. §1915A(b)(1).

**SO ORDERED.**

Signed: January 25, 2008

Graham C. Mullen
United States District Judge